IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| STATE OF TENNESSEE, *ex rel.* ROBERT E. COOPER, JR., Attorney General and Reporter,<br><br>Plaintiff,<br><br>vs.<br><br>ESCAPES!, INC.; ESCAPES TRAVEL CHOICES, LLC; ETOURANDTRAVEL, INC.; FESTIVA DEVELOPMENT GROUP, LLC; FESTIVA REAL ESTATE HOLDINGS, LLC; FESTIVA RESORTS ADVENTURE CLUB MEMBERS' ASSOCIATION, INC.; HUMAN CAPITAL SOLUTIONS, LLC, f/k/a FESTIVA RESORT SERVICES, INC.; PATTON HOSPITALITY MANAGEMENT, LLC, f/k/a FESTIVA MANAGEMENT GROUP, LLC; RESORT TRAVEL & XCHANGE, LLC, a/k/a RTX, f/k/a FESTIVA TRAVEL & XCHANGE, LLC, f/k/a FTX; ZEALANDIA CAPITAL, INC., f/k/a SETI MARKETING, INC.; ZEALANDIA HOLDING COMPANY, INC., f/k/a FESTIVA HOSPITALITY GROUP, INC.; DONALD KEITH CLAYTON; HERBERT HOOVER PATRICK, JR.; and RICHARD ALLEN HARTNETT,<br><br>all individually, and all also d/b/a 811 Development Corporation; Equivest Vacation Club; Escapes!; Escapes, Inc.; Escapes Travel Club, LLC; EtourandTravel, Inc.; Festiva Adventure Club; Financial Information Services, Inc.; Festiva Development Group; Festiva Hospitality Group, Inc.; Festiva Resorts Services, Inc.; Festiva Resorts Adventure Club Members' Association, Inc.; Festiva Resorts, LLC; Festiva Sailing Vacations, Inc.; Festiva Travel & Xchange; FTX; Human Capital Solutions, Inc.; Kosmas Group International, Inc.; Peppertree | CASE NO.: 2:13-cv-343<br><br>DECLARATION OF<br>HERBERT H. PATRICK, JR. |

| | )
|---|---|
| Vacation Club; Resort Management Services, | ) |
| Inc.; Resort Travel & Xchange, LLC; RTX; | ) |
| SET1 Marketing, Inc.; Zealandia Capital, Inc.; | ) |
| Zealandia Holdings, LLC; and Zealandia | ) |
| Holding Company, Inc., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| 811 DEVELOPMENT CORPORATION; | ) |
| FESTIVA SAILING VACATIONS, INC.; | ) |
| FINANCIAL INFORMATION SERVICES, INC.; | ) |
| KOSMAS GROUP INTERNATIONAL, INC.; | ) |
| RESORT MANAGEMENT SERVICES, INC.; | ) |
| ZEALANDIA HOLDINGS, LLC; and | ) |
| VARIOUS CLAYTON AND PATRICK | ) |
| FAMILY TRUSTS 1-10, | ) |
| | ) |
| Relief Defendants. | ) |

I, Herbert H. Patrick, declare as follows:

1. My name is Herbert H. Patrick, Jr. I am named as a defendant in the above-captioned lawsuit. I have personal knowledge of the facts stated in this Affidavit and am in all respects competent to make this Affidavit.

2. I have resided in North Carolina since my birth. From 1978 through the present, I have been a resident of Asheville, North Carolina. I have never been a resident of the State of Tennessee.

3. I am the President and Treasurer of Defendant Zealandia Holding Company, Inc., f/k/a Festiva Hospitality Group, Inc. ("ZHC"). ZHC is the sole owner of the following five (5) Defendants in this action, none of whom is, to my understanding, contesting this Court's personal jurisdiction:

2

- Patton Hospitality Management, LLC, f/k/a Festiva Management Group, LLC ("PHM");

- Festiva Development Group, LLC, d/b/a Festiva Adventure Club ("FDG");

- Zealandia Capital, Inc., f/k/a Seti Marketing, Inc. ("ZCI");

- Resort Travel & Xchange, LLC, f/k/a Festiva Travel & Xchange ("RTX"); and

- Festiva Real Estate Holdings, LLC, f/k/a Festiva Resorts, LLC ("FREH").

4. In addition, I am the CEO of a sixth Defendant in this action, ETourandTravel, Inc., which is also not contesting this court's personal jurisdiction.

5. Besides these six Defendants, there are five other Defendants that are corporations or limited liability companies. One of them, Escapes!, Inc., contrary to the allegations of the Complaint, is not related to the other Defendants through common ownership, management or operations, or in any sense whatsoever; it is not a "Festiva" company at all. I understand that two of the other five, Escapes Travel Choices, LLC and Festiva Resorts Adventure Club Members' Association, are not contesting this Court's personal jurisdiction. As noted below, two of the other five are contesting this Court's personal jurisdiction.

6. I understand that, unlike the other Defendants, ZHC and Defendant Human Capital Solutions, Inc., are contesting this Court's personal jurisdiction over them. As noted, I am the President and Treasurer of ZHC, which owned all of Human Capital Solutions, Inc. Both ZHC and Human Capital Solutions, Inc. are Nevada corporations with their principal place of business in Asheville, North Carolina. ZHC serves merely as a holding company for various other companies, including some of the Defendants and Relief Defendants in this action. Human Capital Solutions, Inc. used to provide human resource services to various other companies, including some of the Defendants and Relief Defendants in this action, but it was dissolved last

3

year. Neither has ever maintained a principal place of business in Tennessee, been incorporated or organized under the laws of the State of Tennessee, or been registered in Tennessee as a foreign corporation authorized to do business in Tennessee. Moreover, I am unaware of either of these corporations ever transacting any business in or related to Tennessee.

7. I also understand that all of the Relief Defendants are contesting this Court's personal jurisdiction over them. I am the President and Chief Executive Officer of three of the six Relief Defendants that are corporations or LLCs (as opposed to trusts): (1) Kosmos Group, International, Inc., a Florida corporation with its principal place of business in Orlando, Florida; (2) 811 Development Corporation, a Florida corporation which had its principal place of business in Orlando, Florida; and (3) Financial Information Services, Inc., a Florida corporation, which had its principal place of business in Orlando, Florida. The latter two corporations have been dissolved and thus no longer conduct any business. None of these three Relief Defendants has ever transacted business in or related to Tennessee. Nor has any of these three ever maintained a principal place of business in Tennessee, been incorporated or organized under the laws of the State of Tennessee, or been registered in Tennessee as a foreign corporation authorized to do business in Tennessee.

8. A fourth Relief Defendant, Festiva Sailing Vacations, Inc. ("FSV"), is a wholly-owned subsidiary of ZHC. FSV is engaged in the business of providing chartered sailing vacations. FSV may have happened to provide vacations to Tennessee consumers and may have marketed its vacations to residents of Tennessee. However, FSV's business is entirely distinct from the Festiva Adventure Club, and FSV has never been involved in the marketing and sales activities related to the Club that are the subject of the Complaint. In particular, FSV has never conducted any such activities in or related to Tennessee in any manner whatsoever. Nor has FSV

4

ever maintained a principal place of business in Tennessee, been incorporated or organized under the laws of the State of Tennessee, or registered in Tennessee as a foreign corporation authorized to do business in Tennessee.

9. I am the President of a fifth Relief Defendant, Zealandia Holdings, LLC, a Nevada limited liability company with its principal place of business in North Carolina. Zealandia Holdings, LLC has never transacted business in or related to Tennessee. Nor has Zealandia Holdings, LLC ever maintained a principal place of business in Tennessee, been organized under the laws of the State of Tennessee, or been registered in Tennessee as a foreign company authorized to do business in Tennessee.

10. I received a letter from the Tennessee Division of Consumer Affairs providing notice that it was contemplating bringing proceedings against me under Tenn. Code Ann. § 47-18-108(a) for alleged violations of the Tennessee Consumer Protection Act, as I understand generally would be required under Tenn. Code Ann. § 47-18-108(a)(2). I also received a separate letter providing such notice to five entity Defendants (although the notice did not list the correct and current name for two of the four). Those five entities were: ZHC; Resort Travel & Xchange, LLC; Festiva Development Group, LLC; Festiva Resorts Adventure Club Members' Association, Inc. and Festiva Real Estate Holdings, LLC.

11. However, to my knowledge, neither any of the five Relief Defendants discussed above, nor Defendants Human Capital Solutions, Inc., ETourandTravel, Inc., or Zealandia Capital, Inc., ever received notice from the Tennessee Division of Consumer Affairs that it was contemplating bringing proceedings against Escapes Travel Choices, LLC under Tenn. Code Ann. § 47-18-108(a). Due to my senior positions with some of these companies, and my position as CEO of the sole owner (ZHC) of the rest of these companies, as noted above, I am

quite confident that I would have been informed had any such notice been delivered to any agent or employee of these companies, and yet I was never so informed by anyone.

12. FDG is in the business of marketing and sales of memberships in the Festiva Resorts Adventure Club (the "Club"). Members of the Club are allotted a certain number of points either annually or biannually based on their level and type of membership. Points are the currency by which Members reserve accommodations at Club resorts or at non-Club properties through affiliations with other resorts.

13. In contrast to FDG, I have never personally marketed or sold time-shares or vacations, including memberships in the Club, either in Tennessee or elsewhere.

14. I have never transacted with nor solicited business from any actual or potential purchaser of a vacation or time-share, including any actual or potential Club member. This includes, but is not limited to, any actual or potential customers who may have been located in the State of Tennessee or were planning on visiting any properties associated with the Club in the State of Tennessee.

15. I did not personally create, make or distribute, either in Tennessee or elsewhere, any of the various marketing materials or oral sales pitches described in the Complaint in the above-captioned lawsuit.

16. I have never solicited business in the State of Tennessee in my personal capacity.

17. I have never contracted to supply services or things in the State of Tennessee in my personal capacity.

18. I have never personally derived revenue directly from goods used or consumed or services rendered in the State of Tennessee.

6

19. I have never owned, used or possessed rights to any real property located in the State of Tennessee.

20. I do not have a spouse or child who is domiciled in the State of Tennessee.

21. I have never manufactured products or components thereof.

22. I am not licensed or registered to do business in the State of Tennessee.

23. I have never had a personal office or address of any kind in the State of Tennessee.

24. I have never maintained a local phone in the State of Tennessee.

25. Prior to the filing of this matter, I have never been sued or made a general appearance in the State of Tennessee.

26. I do not own any personal property located in the State of Tennessee, nor do I maintain any banking or other financial accounts in the State of Tennessee.

27. I do not have a registered agent for service of process in the State of Tennessee.

28. I have never commingled my funds with those of the companies named as Defendants in this matter, and I do not personally co-own any financial accounts owned or controlled by the companies.

29. I have reviewed and am familiar with the allegations asserted in the Complaint in this matter. With respect to the type of activities discussed in those allegations, I have not been personally involved but rather have been involved only insofar as I happen to be a senior executive of companies who allegedly engaged in those activities. I have not personally performed, authorized or had knowledge of any of the alleged wrongful actions complained of therein.

30. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 3, 2014.

_____
HERBERT H. PATRICK, JR.

12846518.2