United States District Court
Eastern District of Tennessee
Greeneville Division

| | |
|---|---|
| STATE OF TENNESSEE, *ex rel.* ROBERT E. COOPER, JR., Attorney General and Reporter, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ESCAPES!, INC., *et al.*, )<br>)<br>Defendants. ) | Case No. 2:13-cv-00343<br><br>GREER / INMAN |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY**

Plaintiff, State of Tennessee ("State"), seeks leave to conduct limited jurisdictional discovery so it can respond to motions to dismiss filed by certain defendants and relief defendants under Fed. R. Civ. P. 12(b)(2).[1] Mot. to Dismiss [Doc. 26]. Because the State maintains the burden of establishing the existence of personal jurisdiction, *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008), the State seeks leave to conduct limited jurisdictional discovery in order to meet its burden. The State submits that limited jurisdictional discovery is warranted here because this is a complex civil law enforcement

---

[1] These defendants include Human Capital Solutions, Inc. (f/k/a Festiva Resort Services, Inc.), Zealandia Holding Company, Inc. (f/k/a Festiva Hospitality Group, Inc.), Donald K. Clayton, Herbert H. Patrick, Jr., and Richard A. Hartnett, and relief defendants 811 Development Corporation, Festiva Sailing Vacations, Inc., Financial Information Services, Inc., Kosmas Group International, Inc., Resort Management Services, Inc., and Zealandia Holdings, LLC (hereinafter "Moving Defendants").

proceeding, involving parties who are strangers, which now includes extraneous matters and facts filed by the movants. *See* Clayton Decl., Patrick Decl., Hartnett Decl., and Horton Decl. [Docs. 28 – 31]. Absent jurisdictional discovery, the State will be prejudiced because it will not be able to fully respond to Moving Defendants' jurisdictional challenge.

## BACKGROUND

This civil law enforcement proceeding was filed by the Tennessee Attorney General on December 30, 2013, alleging all defendants engaged in deceptive and abusive telemarketing practices in violation of the Telemarketing Sales Rule, 16 C.F.R. § 310, promulgated under the Telemarketing Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101 - 6108, and unfair and deceptive business practices, in violation of the Tennessee Consumer Protection Act of 1977, Tenn. Code Ann. §§ 47-18-101 – 125, in whole or in part in Tennessee. *See* Compl. ¶¶ 1, 6 [Doc. 1]. The Complaint additionally names certain parties as relief defendants because they are alleged to have received received ill-gotten funds that are proceeds of the alleged unlawful activities and have no lawful claims to those funds. *Id.* All of the unlawful activity at issue here is explicitly alleged to have been committed "in whole or in part in Tennessee." *See, e.g.*, Compl. ¶¶ 6, 29 [Doc. 1].[2] The State's motion is therefore properly before the Court because the Complaint has presented a threshold, or prima facie case, for personal jurisdiction. The State seeks to conduct

---

[2] Numerous allegations describe the defendants' Tennessee-specific conduct directly, *see* Compl. ¶¶ 7 - 32, 35, 38, 41, 45, 47, 49 – 50, 55 – 56, 59, 61, 76, 93, 94, 101, 121, 126, and indirectly, as conducted through agents, others, and each other, *see id.* at ¶¶ 6, 18 – 21, 29 – 63, 73 – 144.

2

brief jurisdictional depositions of all Moving Defendants, and expects such discovery could be completed in two days.

## ARGUMENT

The United States Supreme Court has held that "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n. 13 (1978). The decision whether to grant jurisdictional discovery therefore is a matter left to the trial court's discretion. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991); *Adkins v. Chevron Corp.*, 960 F.Supp.2d 761, 764 (E.D. Tenn. 2012); *see also Milby v. Liberty Life Assurance Co. of Boston*, -- F.Supp.2d -- , No. 3:13-CV-00487-CRS, 2014 WL 519212, at *2 (W.D. Ky. Feb. 10, 2014); 2-12 James Wm. Moore et al., *Moore's Federal Practice – Civil* § 12.31 (2013) ("The court has discretion to allow discovery.").

Because the State's request occurs early in this case, before the Rule 26(f) conference has taken place, the moratorium on early discovery set forth in Fed. R. Civ. P. 26(d)(1) applies. Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation,[3] or by court order." In turn, this Court has held that "[a] court may authorize a party to take discovery before conducting a Rule 26(f) conference in the interests of justice." *Tennier Indus.*

---

[3] Plaintiff's counsel previously sought defense counsel's agreement to conduct jurisdictional depositions of the individuals who filed declarations in support of the motions to dismiss under Fed. R. Civ. P. 12(b)(2), however, Moving Defendants declined to agree to the same, necessitating the instant motion.

*Inc. v. Am. Recreation Prods., LLC*, No. 3:13-cv-247, 2013 WL 5428413, at *2 (E.D. Tenn. Sept. 26, 2013) (citing *Arista Records, LLC v. Does 1-15*, No. 2:07-CV-450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007)).

Courts in the Sixth Circuit generally require a showing of good cause for early discovery. *See, e.g.*, *Tennier Indus.*, 2013 WL 5428413 at *2 (denying early discovery without prejudice because plaintiff failed to show good cause for the same); *Arista Records*, 2007 WL 5254326, at *2; *Caston v. Hoaglin*, No. 2:08-CV-200, 2009 WL 1687927, at *2 (S.D. Ohio, June 12, 2009). Early discovery is warranted here because the State must respond to a jurisdictional challenge brought as an initial response to the Complaint, in a complex law enforcement proceeding involving parties who are strangers. Additionally, Moving Defendants maintain exclusive custody and control over the facts relating to personal jurisdiction. Good cause for early jurisdictional discovery therefore exists and the need for such discovery is heightened because Moving Defendants have introduced subjective extraneous facts in the form of four declarations. Clayton Decl., Patrick Decl., Hartnett Decl., Hogan Decl. [Docs. 28 – 31]. The State cannot fully respond to these new factual submissions absent jurisdictional discovery.

The Complaint presents a prima facie case of personal jurisdiction through fact-specific allegations regarding personal jurisdiction as to Moving Defendants. *See* note 2, *supra*. Indeed, courts permit jurisdictional discovery in circumstances where a plaintiff has made "less than a prima facie showing but 'made a sufficient start toward establishing personal jurisdiction.'" *Hollins v. U. S. Tennis Ass'n*, 469 F. Supp. 2d 67,

4

70 (E.D.N.Y. 2006) (quoting *Uebler v. Boss Media*, 363 F. Supp. 2d 499, 506 (E.D.N.Y. 2005)). Jurisdictional discovery has even been permitted in cases where the jurisdictional allegations in the complaint were insufficiently developed. *See, e.g.*, *In re Magnetic Audiotape Tape Antitrust Litig.*, 334 F.3d 204, 208 (2nd Cir. 2003) ("[I]t was premature to grant dismissal prior to allowing discovery on plaintiffs' insufficiently developed allegations regarding the relationship between [the parent] and its subsidiary.") (alteration added). In addition, courts have noted that there is a presumption in favor of jurisdictional discovery. *See, e.g.*, *Hansen v. Neumueller*, 163 F.R.D. 471, 474 (D. Del. 1995). Therefore, unless a claim is clearly frivolous, jurisdictional discovery should be permitted in order to aid the plaintiff in discharging its burden. *MIG Invs. LLC v. Aetrex Worldwide, Inc.*, 852 F. Supp. 2d 493, 509 (D. Del. 2012) (citing *Metcalfe v. Renaissance Marine, Inc.*, 556 F.3d 324, 336 (3d Cir. 2009)).

The relationship between the parties often points to the need for jurisdictional discovery. "In cases based on alleged contracts between the parties, it would be an unusual case where the plaintiff should need discovery to show specific jurisdiction linking the defendant and the controversy to the forum," since the plaintiff should be in possession of the necessary facts. *Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 312 (S.D. Ind. 1997) (distinguishing a contractual relationship from the "total stranger" situation). Similarly, "where [as here] the facts necessary to establish personal jurisdiction . . . lie exclusively within the defendant's knowledge," jurisdictional discovery will be typically permitted. *Hollins*, 469 F. Supp. 2d at 71 (alteration added) (quoting *Winston & Strawn v. Dong Won Sec. Co.*, No. 02 Civ. 0183(RWS), 2002 WL

5

31444625, at *5 (S.D.N.Y. Nov. 1, 2002)). *See also Ciolli v. Iravani*, 625 F. Supp. 2d 276, 292 (E.D. Pa. 2009) (noting that "many jurisdictional facts are in the exclusive control of the defendant and that, without the benefit of discovery, the plaintiff may be unable to meet his burden in establishing personal jurisdiction.").

Courts recognize that jurisdictional discovery is particularly appropriate in cases where the moving defendant is a corporation, because the plaintiff, as a "total stranger" to the defendant, "should not be required . . . to try such an issue [*i.e.*, jurisdiction] on affidavits without the benefit of full discovery." *Metcalfe*, 566 F.3d at 336 (alteration added) (quoting *Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254, 255 (1st Cir. 1966)). *Cf. Ellis*, 175 F.R.D. at 312 n.3 (noting that a corporate defendant is not a stranger to the plaintiff when the lawsuit arises out of a contractual relationship.). *See also State v. Granite Gate Resorts, Inc.*, No. C6-95-7227, 1996 WL 767431, at *1 (Minn. Dist. Ct. Dec. 11, 1996) (Court granted Attorney General's request to conduct limited jurisdictional discovery "so that the Court could make an intelligent decision as to the quantity of the contacts Defendants may have had with the State of Minnesota, the nature and quality of the contacts, and finally, the connection or relationship between the cause of action and the contacts.") Here, the corporate picture becomes further complicated because many of the corporate or LLC defendants changed their names within the last two years.[4]

---

[4] For example, the Complaint alleges that Clayton and Patrick formed Festiva Resort Services on June 22, 2001, and acting through Zealandia Holding Company, changed Festiva Resort Services' name to Human Capital Solutions on January 22, 2013. *See* Compl. ¶¶ 36 - 37 [Doc. 1]. Similarly, Festiva Resorts, LLC was changed to Festiva Real Estate Holdings, LLC on January 30, 2012, *see id.* at ¶ 33; SETI Marketing, Inc. was changed to Zealandia Capital, Inc. on February 15, 2012, *see id.*

6

The State expects that jurisdictional discovery is likely to yield evidence supporting the State's jurisdictional allegations and placing Moving Defendants' facts in a complete and proper context. For example, the Complaint sets forth particularized factual allegations of personal jurisdiction for each defendant and relief defendant, as seen in the below example related to defendant Donald K. Clayton ("Clayton"):

> 19. [Clayton] is an owner, operator, officer, and principal of the Festiva Entities, and . . . . [at all material times], Clayton has been actively involved in the day-to-day operations of the Festiva Entities, and has transacted and continues to transact business in this District. In connection with the matters alleged in this Complaint, Clayton, acting alone or in concert with others, has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the Festiva Entities, and has assisted in and facilitated the same, including the unlawful acts and practices alleged in this Complaint.

Compl. ¶ 19 [Doc. 1]. Thus, paragraph 19 alone presents a prima facie case of personal jurisdiction as to Clayton.[5]

In support of his jurisdictional challenge, Clayton filed a declaration with the Court which is notable for what it fails to state, rather than for what it states. *See* Clayton Decl. [Doc. 28]. For example, Clayton makes a number of carefully qualified statements disavowing his Festiva activity as "personal." Thus, Clayton states:

> […] I have never *personally* marketed or sold timeshares or vacations, including memberships in the Festiva Adventure Club, either in Tennessee or elsewhere.

---

at ¶ 42; Festiva Hospitality Group, Inc. was changed to Zealandia Holding Company, Inc. in 2013, *see id.* at ¶ 40. In 2007, Festiva Management Group, LLC was changed to Patton Hospitality Management, LLC, *see id.* at ¶ 46.

[5] Similar allegations are made against defendants Patrick and Hartnett. *See* Compl. ¶¶ 20 – 21 [Doc. 1].

7

*Id.* at ¶ 3 (emphasis added). The fact that Clayton does not categorically deny marketing or selling timeshares or vacations in Tennessee is telling, because it implies that at a minimum, Clayton may indeed have engaged in such activity in Tennessee in some capacity. Similarly, Clayton makes a number of similar statements regarding some of his other Tennessee activity, each carefully qualified by the word "personal" or "personally":

> 4.  I did not *personally* create, make or distribute, either in Tennessee or elsewhere, any of the various marketing materials or oral sales pitches described in the Complaint. . . . *Id.* at ¶ 4 (emphasis added).
>
> 5.  I have never solicited business in the State of Tennessee in my *personal* capacity. *Id.* at ¶ 5 (emphasis added).
>
> 6.  I have never contracted to supply services or things in the State of Tennessee in my *personal* capacity. *Id.* at ¶ 6 (emphasis added).
>
> 7.  I have never *personally* derived revenue directly from goods used or consumer or services rendered in the State of Tennessee. *Id.* at ¶ 7 (emphasis added).

Courts recognize that jurisdictional discovery is appropriate in cases where defendants provide less than complete information regarding jurisdiction. *See, e.g.*, *Delta Sigma Theta Sorority, Inc. v. LaMith Designs, Inc.*, 275 F.R.D. 20, 30 (D.D.C. 2011) (jurisdictional discovery warranted where defendant's owner's affidavit stated he "cannot recall" ever conducting business of any kind involving the plaintiff's trademarks in the forum state.) Thus, the State should not have to rely on Clayton's subjective interpretation of what he categorizes as his "personal" activity in Tennessee,[6] but should be permitted to discover the full context and scope of

---

[6] Similar concerns are seen in the subjectively qualified "personal" activity described by Patrick and Hartnett, who both also happened to note that their

Clayton's Tennessee activity, as well as each Moving Defendant's Tennessee activity, including the unlawful marketing and sales activity alleged in the Complaint. In addition, each Moving Defendant's role in the affairs of the other defendants and relief defendants, and whether such conduct constitutes violations of state and federal consumer protection law, must be developed. Notably, Clayton admits he has, or has had, ties to Tennessee, although he avoids providing details about his Tennessee connections. *See* Clayton Decl. ¶¶ 2, 8 [Doc. 28]. Thus, absent providing his employer's name, dates, locations, or any other identifying facts, Clayton states he was "temporarily stationed in Tennessee as an interim office manager by my then-employer. . . ." *Id.* at ¶ 2.[7]

The Complaint also alleges that Clayton, Patrick, and Hartnett, together with the Moving Defendants Human Capital Solutions, Inc., and Zealandia Holding Company, Inc., "operated together as a common enterprise . . . through an interrelated network of entities, affiliates, and aliases that have or shared common owners, employees . . . [and] each of them is jointly and severally liable for the [alleged] deceptive acts and…practices." *See* Compl. ¶ 30 [Doc. 1] (alteration added). Clayton, Patrick, and Hartnett are also alleged to be "jointly and severally liable for

---

Tennessee sales and marketing activity was not conducted in their "personal" capacities. *See, e.g.*, Patrick Decl. ¶¶ 13, 15 – 18, 23, 29 [Doc. 31]; Hartnett Decl. ¶¶ 6 – 10, 21 [Doc. 29].

[7] Even though a defendant claims it has no physical presence in the forum state, courts look to the effect of the defendant's activities on the forum state as part of the minimum contacts analysis. 18 William Meade Fletcher et al., *Fletcher Cyclopedia of the Law of Corporations* § 8640.10 (2013).

9

the conduct of the Festiva Entities because each had the authority to formulate, direct, or control the activities of the Festiva Entities, or has participated in the misrepresentations and other misconduct of the Festiva Entities, and knew or should have known of the misrepresentations and other misconduct of the Festiva Entities." *See id.* at ¶ 31. In addition, "Clayton, Patrick, and Hartnett, together with the Festiva Entities, are alleged in the alternative to have assisted and facilitated the unlawful acts and practices alleged in the Complaint. . . ." *See id.* at ¶ 32.

The State asserted similar allegations against the relief defendants.[8] For example, beginning with relief defendant 811 Development Corporation, the Complaint alleges:

> 22. Relief Defendant 811 DEVELOPMENT CORPORATION is a Florida corporation with a mailing address of One Vance Gap Road, Asheville, North Carolina, and a principal place of business at 3626 Quadrangle Blvd., Suite 300, Orlando, Florida. On information and belief, *811 Development Corporation has transacted and continues to transact business in this District, and has received ill-gotten funds that are the proceeds of the unlawful acts or practices alleged in this Complaint*, and it has no legitimate claim to those funds.

*Id.* at ¶ 22 (emphasis added). Although none of the relief defendants submitted declarations, defendant Patrick states in his declaration that he was the president and chief executive officer of relief defendants 811 Development Corporation, Kosmas Group International, Inc., and Financial Information Services, Inc. *See*

---

[8] *See, e.g.*, Compl. ¶¶ 36 – 37 [Doc. 1] ("At all material times [Festiva Resort Services, Inc. k/n/a Human Capital Solutions, Inc.] has provided administrative support to Clayton, Patrick, and Festiva Resorts, and later, to Hartnett and the Festiva Entities. . . . At all material times, [Human Capital Solutions, Inc.] has employed and supervised personnel working for Clayton, Patrick, Hartnett, and the Festiva Entities, including personnel engaged in the sale and marketing of goods and services, including timeshares and vacations.") (alterations added).

10

Patrick Decl. ¶ 7 [Doc. 31]. Thus, discovery is needed to determine the extent of these defendants' interaction with one another. Notably, Patrick states that 811 Development Corporation and Financial Information Services, Inc. were "dissolved and thus no longer conduct any business," and denies they transacted business in Tennessee. *Id.* Defendant Horton makes similar statements on behalf of the other relief defendants. *See* Horton Decl. ¶¶ 3 – 5 [Doc. 30].

Moving Defendants further admit that relief defendant Festiva Sailing Vacations, Inc. is a wholly-owned subsidiary of defendant Zealandia Holding Company, Inc.. *See* Patrick Decl. ¶ 8 [Doc. 31]. Notably, Patrick admits that Festiva Sailing Vacations, Inc. "may have happened to provide vacations to Tennessee consumers and may have marketed its vacations to residents of Tennessee." *Id.* The State is therefore entitled to discover facts regarding the nature and extent of Festiva Sailing Vacations, Inc.'s Tennessee activity. Similarly, Patrick admits that he is president of relief defendant Zealandia Holdings, LLC, and that relief defendant Human Capital Solutions, Inc. was wholly owned by Zealandia Holding Co., Inc. *See id.* at ¶¶ 6 - 7. Notably, Patrick never claims that Human Capital Solutions, Inc. did not transact business in Tennessee, and even admits that this relief defendant "provide[d] human resource services to various other companies including some of the Defendants and Relief Defendants in this action. . . ." *Id.* ¶ 6. Patrick also advises "it was dissolved last year," *id.*, and claims Zealandia Holding Co., Inc. "never transacted business in or related to Tennessee." *Id.* at ¶ 9. Furthermore, relief defendant Resort Management Services, Inc. is wholly owned by Patton Hospitality

Management, LLC. Horton Decl. ¶ 3 [Doc. 30]. Thus, discovery is needed to elucidate the ties between the defendants and relief defendants, and their ties to this forum.

The relationships between and among defendants, particularly with reference to subsidiaries that are wholly owned and controlled by defendants who are not contesting jurisdiction, is particularly important here. Thus, in instances where, as here, a parent so dominates its subsidiaries that they do not in reality constitute separate and distinct entities, jurisdiction is proper under an alter ego theory. *See* Fletcher, *supra* note 7, § 8640.10. Facts also need to be developed as to the circumstances behind why many of the entity defendants changed names or were acquired by other defendants. "A successor corporation that is a mere continuation of the predecessor corporation is subject to the personal jurisdiction of the forum state if the predecessor corporation had sufficient contacts with the state to meet the minimum contacts test." *Id.* Clarifying corporate relationships is essential to an analysis of personal jurisdiction:

> If a subsidiary is merely an agent through which the parent company conducts business in a particular jurisdiction or its separate corporate status is formal only and without any semblance of individual identity, then the subsidiary's business will be viewed as that of the parent and the latter will be said to be doing business in the jurisdiction through the subsidiary for purposes of asserting personal jurisdiction.

4A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1069.4 (2013).

## CONCLUSION

The Court should grant leave for Plaintiff State of Tennessee, to conduct limited jurisdictional discovery by way of brief depositions of each Moving

Defendant so that the State can respond to the motions to dismiss filed by certain defendants and relief defendants under Fed. R. Civ. P. 12(b)(2). Mot. to Dismiss [Doc. 26]. Because the State maintains the burden of establishing the existence of personal jurisdiction, jurisdictional discovery is necessary in order for the State to meet its burden. The State submits that limited jurisdictional discovery is appropriate here because the State has made a prima facie showing of personal jurisdiction as to each Moving Defendant. Moreover, this is a complex civil law enforcement proceeding, involving parties who are strangers, and requires the State to respond to extraneous matters and facts filed by Moving Defendants. Absent jurisdictional discovery, the State will be prejudiced because it will not be able to fully respond to Moving Defendants' jurisdictional challenge.

WHEREFORE, for all of the above reasons, Plaintiff, State of Tennessee, respectfully requests that this Court GRANT its motion for leave to take limited jurisdictional discovery in the form of brief depositions of each Moving Defendant.

Respectfully Submitted,

/s/ Olha N.M. Rybakoff
Olha N.M. Rybakoff (BPR #24254)
Jessica Myers (BPR #25595)
Office of the Attorney General
Consumer Advocate and Protection Div.
425 Fifth Avenue North, 3rd Floor
Nashville, TN 37243
Phone: (615) 532-2590
Fax: (615) 532-2910
olha.rybakoff@ag.tn.gov
jessica.myers@ag.tn.gov
*Attorneys for Plaintiff, State of Tennessee*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and exact copy of the foregoing document has been served, via the Court's ECF system and first-class postage prepaid U.S. Mail, on this the 1st day of April, 2014, as follows:

<u>By CM/ECF:</u>

Eli J. Richardson
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201

Charles W. Cook, III
ADAMS AND REESE LLP
424 Church Street, Suite 2700
Nashville, Tennessee 37219

*Attorneys for Moving Defendants*

<u>By US Mail:</u>

Richard E. Ladd, Jr.
PennStuart
804 Anderson Street
Bristol, TN 37620

*Attorney for Herbert H. Patrick, Jr., Family Irrevocable Trust and Various Clayton Family Trusts 1 - 10*

/s/ Olha N.M. Rybakoff
Olha N.M. Rybakoff (BPR # 24254)
