UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| | | |
|---|---|---|
| State of Tennessee, *ex rel.* Herbert H. Slatery III, Attorney General and Reporter, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No: 2:13-cv-00343-JRG-DHI |
| Escapes, Inc., *et al.*, | ) ) | |
| Defendants, | ) | |

ORDER

The defendants filed a six-page Motion to Amend and Clarify Scheduling Order, [Doc. 89]. They also filed a sixteen-page Memorandum in Support, [Doc. 90]. The plaintiff filed an eleven-page Response, [Doc. 91], prompting the defendants to file a ten-page Reply, [Doc. 92]. The matter is ripe for review.

Despite the extensive briefing and what amounts to, in this Court's opinion, an inefficient use of counsel's time, considering how much work they purportedly need to do on this case and the time frame upon which to do it, the issues of the motion are simple. The defendants move the Court in regard to four things: (1) clarification on agreed orders, (2) clarification as to the deposition limitation, (3) clarification as to the interrogatory limitation; and (4) adjustment to the trial date and length of trial.

1. This Court will not enter any Agreed Orders changing any of the deadlines set in the January 30, 2015 Scheduling Order, [Doc. 87]. However, the Court will consider any Joint Motion with an attached Proposed Agreed Order in which the parties have agreed to change a deadline that will not affect the trial date.

2. It is clear from the language of Federal Rule of Civil Procedure 30(a)(2), that the deposition limit is **per side**. *See* Fed. R. Civ. P. 30(a)(2) advisory committee's note (1993) ("Subdivision (a) . . . Paragraph (2)(A) . . . provides a limit on the number of depositions the parties may take, absent leave of court or stipulation with other parties. One aim of this revision is to assure judicial review under the standards stated in Rule 26(b)(2) before **any side** will be allowed to take more than ten depositions in a case without agreement of the other parties.") (emphasis added); *see also Thykkuttathil v. Keese*, 294 F.R.D. 597, 599 (W.D. Wash. 2013) (interpreting Rule 30(a)(2) to be a ten-per-side limitation). As such, the parties are limited to 10 depositions per side. The Court will entertain a change upon the filing of an appropriate motion after the parties confer.

3. Federal Rule of Civil Procedure 33(a)(1) allows 25 written interrogatories **per party**. *See* Fed. R. Civ. P. 33(a)(1) (emphasis added). Thus, each party may serve 25 interrogatories. These are not limited to 25 per side. Again, the Court will consider a change upon the filing of an appropriate motion after the parties confer.

4. After carefully considering the parties filings, this Court concludes that the trial date shall remain August 2, 2016. However, the length of the trial shall be amended to 10 days.

For the reasons set forth above, the motion is GRANTED IN PART and DENIED IN PART.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE